UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD WARDELL UNDERWOOD, | No. 2:14-cv-1326-KJN |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act").[1]  In his motion for summary judgment, plaintiff principally contends that the Commissioner erred by finding that plaintiff was not disabled from April 17, 2011, plaintiff's alleged disability onset date, through the date of the ALJ's decision. (ECF No. 14-1.)  The Commissioner filed an opposition to plaintiff's motion and a cross-motion for summary judgment.  (ECF No. 17.)  Thereafter, plaintiff filed a reply brief.  (ECF No. 18.)

////

---

[1] This action was initially referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes.  (ECF Nos. 6, 8.)

For the reasons that follow, the court GRANTS plaintiff's motion for summary judgment, DENIES the Commissioner's cross-motion for summary judgment, and remands the action for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

I.  BACKGROUND

Plaintiff was born on April 21, 1956, and has completed four years of college with a Bachelor of Science degree in Software Development. (Administrative Transcript ("AT") 16, 35, 57, 154, 206.) Plaintiff formerly worked primarily as a tax preparer and general office clerk, has taken continuing education courses in tax preparation, and has the ability to speak and understand English. (AT 36-37, 154.) On August 12, 2011, plaintiff applied for DIB, alleging that he was unable to work as of April 17, 2011, due to congestive heart failure, diabetes, high blood pressure, chest pain, and coronary artery disease. (AT 13, 153.) After the Commissioner denied plaintiff's application initially and on reconsideration, plaintiff requested a hearing before an administrative law judge ("ALJ"). (AT 13.) The hearing took place on August 20, 2012, at which plaintiff (represented by an attorney) testified. (AT 34-56.)

In a decision dated February 7, 2013, the ALJ determined that plaintiff had not been under a disability, as defined in the Act, from April 17, 2011, plaintiff's alleged disability onset date, through the date of the ALJ's decision. (AT 13-21.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on April 14, 2014. (AT 1-3.) Thereafter, plaintiff filed this action in federal district court on May 30, 2014, to obtain judicial review of the Commissioner's final decision. (ECF No. 1.)

II.  ISSUE PRESENTED

On appeal, plaintiff raises the sole issue of whether the ALJ erred in determining that plaintiff could perform his past relevant work at step four.[2]

////

////

---

[2] In its opposition brief, the Commissioner devotes several pages to a discussion of whether the ALJ properly evaluated plaintiff's credibility. (ECF No. 17.) However, in plaintiff's reply brief, plaintiff confirms that he does not contest the ALJ's findings as to plaintiff's credibility. (ECF No. 18 at 5.) As such, the court need not address plaintiff's credibility.

III.     LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted).  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."  Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

IV.     DISCUSSION

   A.     Summary of the ALJ's Findings

The ALJ evaluated plaintiff's entitlement to DIB pursuant to the Commissioner's standard five-step analytical framework.[3] As an initial matter, the ALJ found that plaintiff remained

---

[3] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program.  42 U.S.C. §§ 401 et seq.  Supplemental Security Income is paid to disabled persons with low income.  42 U.S.C. §§ 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past relevant work?  If so, the

1  insured for purposes of DIB through December 31, 2015.  (AT 15.)  At the first step, the ALJ
2  concluded that plaintiff had not engaged in substantial gainful activity since April 17, 2011,
3  plaintiff's alleged disability onset date.  (Id.)  At step two, the ALJ determined that plaintiff had
4  the following severe impairments: diabetes mellitus and diabetic peripheral neuropathy.  (Id.)
5  However, at step three, the ALJ determined that plaintiff did not have an impairment or
6  combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part
7  404, Subpart P, Appendix 1.  (Id.)

Before proceeding to step four, the ALJ assessed plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except no heights, no climbing ladders, ropes, and scaffolds and []he must elevate [his] feet when sitting.

(AT 16-20.)

At step four, the ALJ found that plaintiff was able to perform his past relevant work as a tax preparer and general office clerk, because that work did not require the performance of work-related activities precluded by plaintiff's RFC.[4]  (AT 20.)  Therefore, the ALJ concluded that plaintiff had not been under a disability, as defined in the Act, from April 17, 2011, plaintiff's alleged disability onset date, through February 7, 2013, the date of the ALJ's decision.  (AT 20-21.)

/////

---

claimant is not disabled.  If not, proceed to step five.

Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

[4] In light of the ALJ's finding at step four, the ALJ was not required to proceed to step five.

4

1    B.     Plaintiff's Substantive Challenge to the Commissioner's Determinations

2    As noted above, plaintiff contends that the ALJ erred in determining that plaintiff could perform his past relevant work at step four, particularly in light of the requirement in the RFC that plaintiff must elevate his feet when sitting.

Generally, the burden falls on plaintiff to show at step four that he was unable to return to his past work either as actually or generally performed in the national economy. Tackett, 180 F.3d at 1098; see also Bowen, 482 U.S. at 146 n.5. However, the Ninth Circuit has observed that "the application of burdens of proof is particularly elusive in cases involving social security benefits, in part because the proceedings are not designed to be adversarial." Tackett, 180 F.3d at 1098 n.3. Moreover, "the ALJ's affirmative duty to assist a claimant to develop the record further complicates the allocation of burdens." Id. (citing 20 C.F.R. § 404.1512(d)). As such, the Ninth Circuit has held that, "[a]lthough the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001). More specifically, the ALJ's decision at step four requires "specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work." Pinto, 249 F.3d at 845 (citing SSR 82-62).

In this case, the ALJ's analysis at step four was limited to the following:

> In comparing the claimant's residual functional capacity with the physical and mental demands of [work as a tax preparer and general office clerk], the undersigned finds that the claimant is able to perform it as actually and generally performed. The additional limitation of elevating his legs would only erode the occupational base, but it should not preclude the claimant from doing his past relevant work as a tax preparer.[5]

(AT 20.) Such conclusory and speculative analysis is insufficient to support the ALJ's step four finding in this case. The ALJ cited no record evidence, provision of the Dictionary of Occupational Titles, and/or vocational expert testimony to support his determination that plaintiff

---

[5] In the bolded portion of the step four finding, the ALJ suggests that plaintiff is capable of performing his past relevant work as a tax preparer *and as a general office clerk*. (AT 20.) However, that apparent inconsistency is not material to the court's analysis here and can be resolved on remand.

5

1 could perform his past relevant work, either as actually performed or as generally performed.
2 Indeed, the ALJ provided no rationale for concluding that the occupational base of plaintiff's past
3 relevant work would be eroded by the need to elevate his legs while sitting, but not to a sufficient
4 degree to effectively preclude the performance of such work.

5      Furthermore, under the circumstances here, the court cannot find that the ALJ's error was
6 harmless.  Although specific findings are generally required, the step four determination in some
7 cases may be relatively straightforward, and thus not require extensive reasoning.  For example, if
8 the degree of leg elevation required were *de minimis*, it would be obvious that the occupational
9 base of plaintiff's past sedentary jobs would not be substantially eroded, if at all.  However, in
10 this case, the ALJ made no findings regarding the degree of leg elevation required, nor did the
11 ALJ obtain vocational expert testimony concerning the impact of such a limitation on plaintiff's
12 past work.[6]  The Commissioner posits that plaintiff should be able to perform past relevant work
13 with the assistance of certain furniture or devices readily available on the market.  That argument
14 certainly has logical appeal, and the Commissioner may well be correct, but without, at a
15 minimum, any findings regarding the degree of leg elevation required, the court cannot
16 independently make such a determination.  Accordingly, the court concludes that the case should
17 be remanded for further administrative proceedings.

18      On remand, the ALJ shall make appropriate findings regarding the degree of leg elevation
19 required.  In the event that the current record does not permit the ALJ to make such findings, the
20 ALJ shall appropriately develop the record in that regard.  If the degree of leg elevation required
21 is found to be *de minimis*, that may well conclude the matter.  However, if the degree of leg
22 elevation required is found to be more substantial, the ALJ should strongly consider obtaining
23 vocational expert testimony regarding the potential impact of such a limitation on plaintiff's
24 ability to perform past relevant work, either as actually performed or as generally performed in
25 the national economy, including the extent to which assistive devices or furniture may permit

---

[6] The ALJ did not question the VE who was present at the hearing.  (AT 34-56.)

plaintiff to nonetheless perform his past relevant work.[7]

The ALJ is also free to develop the record in other respects, such as by proceeding to step five, or making an alternative step five finding, if deemed appropriate. Importantly, the court expresses no opinion regarding the ultimate question of plaintiff's disability under the Act.

V. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14) is GRANTED.

2. The Commissioner's cross-motion for summary judgment (ECF No. 17) is DENIED.

3. The action is remanded for further proceedings consistent with this order pursuant to sentence four of 42 U.S.C. § 405(g).

4. Judgment is entered for plaintiff.

5. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: June 8, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[7] The court does not mandate the use of a vocational expert, because the necessity of a vocational expert would depend on the ALJ's findings on remand. The court leaves it to the ALJ to decide, in the first instance, how to satisfy his obligations at step four within the confines of applicable law.

7